**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 02 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRANDY M. BELTZ, | No. 14-35474 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-05080-RJB |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted February 28, 2017[**]

Before:     PREGERSON, LEAVY, and OWENS, Circuit Judges.

Brandy Beltz appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Beltz's application for supplemental

security income under Title XVI of the Social Security Act.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291, and we review de novo. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). We reverse the district court's decision and remand to the administrative law judge (ALJ) for consideration of the new medical evidence submitted to the Appeals Council.

The district court erred in concluding that the new medical evidence was not sufficient to call into question the propriety of the ALJ's ultimate non-disability determination. The new medical evidence calls into question whether, considering the record as a whole, the Commissioner's decision is supported by substantial evidence. *See Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014) ("[I]n conducting our review, we must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." (internal quotation marks and citations omitted)).

At each step in the sequential evaluation, the ALJ evaluated and relied on the medical evidence that was in the record in at the time the unfavorable decision was issued in Beltz's case. A review of the entire administrative record, including the new medical evidence, calls into question the sufficiency of the evidence to support the ALJ's determinations at steps three through five, and introduces new conflicts in the evidence that require a re-assessment of the credibility of Beltz's symptom testimony and the statements of lay witnesses. *See Taylor v. Comm'r of*

*Soc. Sec. Admin.*, 659 F.3d 1228, 1235 (9th Cir. 2011). Because the new medical evidence sheds additional light on the nature, extent, and persistence of Beltz's alleged disability, we remand to permit the ALJ to account for the new evidence in conducting each step in the five-step sequential analysis. *Id.* at 1233.

**REVERSED AND REMANDED.**